UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES          )
                       )
v.                     )     CRIMINAL ACTION
                       )     NO.  05-10048-RCL
DAVID ALBA             )
     Defendant         )
                       )


MEMORANDUM AND ORDER

YOUNG, D.J.                              September 29, 2009

## I.   **INTRODUCTION**

David Alba ("Alba"), a criminal defendant, filed this motion
pro se on April 30, 2008 under Federal Rule of Criminal Procedure
12(b)(3)(B) to reverse his conviction and reimpose his sentence.
He argues that because he pled guilty to one count of conspiracy
to distribute, and to possess with intent to distribute one
kilogram or more of heroin in violation of 21 U.S.C. § 846, this
Court did not have authority to hold him accountable for three
kilograms of heroin.  The government responds that Rule
12(b)(3)(B) is not the proper mechanism for relief because Alba's
case is no longer pending.  The government also argues that
Alba's motion is without merit, because this Court was
statutorily authorized to sentence Alba to 168 months
imprisonment, and, in any event, he is barred from obtaining
relief under Rule 12(b)(3)(B) because he never filed a notice of
appeal to the First Circuit.

1

## II.   **PRIOR PROCEEDINGS**

Alba has been in federal custody since July 13, 2006, when he arrived in Massachusetts following his arrest in the Dominican Republic.  Pet.'s Mot. 2.  He was indicted on one count of conspiracy to distribute, and to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846.  ("Count 1")  Indictment 1-2.  Alba changed his plea to guilty on Count 1 on March 8, 2007.  Clerk's Notes, No. 238.  Judge Lindsay based Alba's sentence on a total offense level of thirty-five and criminal history Category I, which corresponds to a sentencing range between 168-210 months under the Sentencing Guidelines.  J. 7.  On August 21, 2007, Judge Lindsay sentenced Alba to 168 months imprisonment, followed by five years supervised release.  J. 7.  Alba was advised of his right to appeal; however, he never filed a notice of appeal to the First Circuit.  Id.  Final judgment was entered on August 22, 2007.  J. 10.

Based on drug transactions over a two-month period, the probation officer conservatively estimated[1] that Alba was responsible for at least six kilograms of heroin.  J. Statement

---

[1]  This "estimate" is not evidence.  It is, in fact, a melange of multiple hearsay.  It is the sheerest sophistry to think otherwise.

2

of Reasons 2.  Judge Lindsay determined[2] that Alba was
responsible for the distribution of not less than three nor more
than ten kilograms of heroin.  Neither Alba nor his counsel made
any objection to this determination at any time prior to the
imposition of sentencing.

### III.   ANALYSIS

**A.  Standard of Review**

A pro se petition to vacate a criminal sentence must be
construed liberally.  See Ayala Serrano v. Gonzalez, 909 F.2d 8,
15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106
(1976)).  In the First Circuit, the standard of review upon a
motion to dismiss a habeas claim is whether the facts alleged by
the petitioner, taken as true unless contradicted by the record,
state a claim upon which relief can be granted.  Porcaro v.
United States, 784 F.2d 38, 40 (1st Cir. 1986) (citing Mack v.
United States, 635 F.2d 20, 26-27 (1st Cir. 1980)).

**B.  Subject Matter Jurisdiction**

---

[2]  This determination is in no sense a factual finding as it
is not based on evidence.  Thus, it makes no sense to call it
fact-finding on a fair preponderance of the evidence.  See e.g.,
United States v. Cruz-Rodriquez, 541 F.3d 19, 30 n.8 (1st Cir.
2008).  Even though the Sentencing Guidelines are today reduced
to mere advisory status, this continued derogation of genuine
factfinding has the tendency to marginalize the central function
of the federal district courts.  See William G. Young, A Lament
For What Was And Can Be Yet Again, 32 B.C. Int'l & Comp. L. Rev.
305 (2009).

Because Alba never filed a notice of appeal in the First Circuit, judgment in his case became final on August 22, 2007 and Alba's case is no longer pending.  Accordingly, his motion under Federal Rule of Criminal Procedure 12(b)(3)(B) must be denied.

Rule 12(b)(3)(B) states that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  Fed. R. Crim. P. 12(b)(3)(B).  The operative language of this rule – "while the case is pending" –  requires a defendant to raise an objection to the court's jurisdiction to impose his sentence under Federal Rule of Criminal Procedure 12(b) either before final judgment is entered or before the direct appeal has concluded.  United States v. Baptiste Calixce, 20 Fed. Appx. 8, 10-11 (1st Cir. 2001) (denying defendant's motion under Federal Rule of Criminal Procedure  12(b)(3)(B) when he did not plead to a quantity of drugs used as the basis for his sentence until after the pendency of his case had expired).[3]  See also United States v. Wolff, 241 F.3d 1055, 1057 (8th Cir. 2001); Rice v. United States, 132 F. Supp. 2d 162, 163 (S.D.N.Y. 2001). The First Circuit has noted that the proper mechanism for relief in this scenario is a direct appeal; if the direct appeal is unsuccessful, then the defendant must file a habeas motion under

---

[3] A citation to an unpublished case is proper because "there is no published opinion from this court that adequately addresses the issue."  1st Cir. R. 32.3.

28 U.S.C. § 2255.  <u>Baptiste Calixce</u>, 20 Fed. Appx. at 10-11.

Alba asserts that his case is still pending in the First Circuit, Pet.'s Mot. 5; the government however is correct in arguing that Alba never filed a timely appeal.[4]  Final judgment was entered by this Court on August 22, 2007.  Alba's case is not pending.  Resp't Opp'n 2.  <u>See Baptiste Calixce</u>, 20 Fed. Appx. at 10-11; <u>Wolff</u>, 241 F.3d at 1056.  For this reason alone, his motion must be denied.

### 1. AEDPA

The Antiterrorism And Effective Death Penalty Act ("AEDPA") requires that a petitioner bring a habeas petition within one year from the date on which his conviction became final.  28 U.S.C. § 2255(f)(1). Final judgment in Alba's case was entered on August 22, 2007.  Alba filed the present motion on April 28, 2008, four months before the one-year statute of limitations expired.  The Court today denies the motion.[5]  Were this Court not to recharacterize Alba's post-conviction motion under Rule 12(b)(3)(B), which was filed within one year from the date of

---

[4] There is no record of Alba's case pending in the First Circuit.

[5]  This delay is entirely my fault.  When Alba filed his motion, Judge Lindsay had been hospitalized and I was responsible for shepherding his civil docket toward trial.  The Court promptly re-drew his pending criminal cases.  Although Alba's motion does not fit neatly into either category, had I been more proactive, it could have been addressed prior to the running of AEDPA's one year statute of limitations.  In the event, however, Alba has suffered no prejudice.

final judgment, as a petition under 28 U.S.C. § 2255, Alba can never file such a petition as it would be time-barred.   This would be unconscionable.   The First Circuit has rejected the concerns expressed in the Second Circuit regarding the problems posed by recharacterizing a defendant's post-conviction motion as a habeas motion under 28 U.S.C. § 2255.   <u>Raineri</u> v. <u>United States</u>, 233 F.3d 96, 99-100 (1st Cir. 2000) (rejecting <u>Adams</u> v. <u>United States</u>, 155 F.3d 582, 584 (2d Cir. 1998) (holding that a defendant must agree to the court's sua sponte recharacterization because criminal defendants are subject to stringent limitations under 28 U.S.C. § 2255)).

Under <u>Raineri</u>, this Court's sua sponte action will not "count as a 'first' habeas petition sufficient to trigger AEDPA's gatekeeping requirements." <u>Id.</u> at 100.   This is precisely the type of situation forecast by the First Circuit when "recharacterization will be to a pro se litigant's benefit." <u>Raineri</u>, 233 F.3d at 100.   Alba is time-barred from filing a petition under Federal Rule of Criminal Procedure 12(b)(3)(B) to collaterally attack his sentence due to this Court's delay in deciding his motion; accordingly, the interests of fairness and justice are served by recharacterizing his motion as a petition for habeas relief under 28 U.S.C. § 2255.

**2. The Procedural Default Rule.**

Alba never challenged on direct appeal this Court's jurisdiction to impose sentence under U.S.S.G. § 2D1(c)(3).

When a petitioner fails to raise a claim on direct review, habeas corpus relief is available only if the petitioner establishes "cause" for the failure and shows "actual prejudice resulting from the alleged . . . violation." Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).  See also Davis v. United States, 411 U.S. 233 (1973).  Alba can demonstrate neither.

### a. Cause

Cause may be defined in these circumstances as a failure to raise an argument on appeal because the issue would have been decided adversely due to the law existing at the time. Simpson v. Matesanz, 175 F.3d 200, 212-13 (1st Cir. 1999).  Alba has not even alleged any cause for his failure to raise his claim on direct appeal.  Final judgment entered in Alba's case on August 22, 2007.  By that time, the sentencing revolution wrought by the Supreme Court in Booker v. United States, 543 U.S. 220 (2005), Kimborough v. United States, 552 U.S. 85 (2007), and Gall v. United States, 552 U.S. 38 (2007) had taken place, and persuasive authority existed supporting precisely the argument Alba seeks belatedly to raise here.  See United States v. Kandarakis, 441 F. Supp. 2d 282, 330-36 (D. Mass. 2006).  There is simply no reason why Alba could not have made his argument on direct appeal.

There is therefore no "cause" for his procedural default. Nor is there any "prejudice," a subject to which the Court now turns.

### b. Prejudice

Alba's argument that he was prejudiced during his sentencing is straightforward and, to the point, persuasive. The Supreme Court established the rule in <u>Apprendi</u> that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466, 490 (2000). In Justice Stevens's constitutional opinion in <u>Booker</u>, the Supreme Court held unconstitutional a mandatory determinate sentencing system that excluded the American jury from a role in determining the crucial facts upon which a criminal sentence was based. <u>Booker</u>, 543 U.S. at 244. Here, Alba admits that he pled guilty to distributing one kilogram or more of heroin. Given his criminal history category - I - and the three level reduction he was awarded for sparing the government the burden and expense of a trial, his adjusted offense level was 32 and the highest guideline sentence available was 151 months. Alba argues that coming up with a 168 month sentence by holding him accountable for the distribution of three kilograms of heroin without submitting the issue of drug weight to a jury or engaging in any genuine fact-finding whatsoever subjects him to unconstitutional

8

prejudice.[6]

This argument is fatally flawed in two respects.  First, as a reading of the plea transcript makes pellucidly clear, Alba knowingly, intelligently, and voluntarily waived his right to a jury determination.  Second, and equally important, Alba has mistaken his judge.  Probably every judge in this District would hold an evidentiary hearing under certain circumstances when a genuine factual issue emerges at sentencing.  Judge Lindsay certainly would.  Indeed, Judge Lindsay was perhaps the leader among the judges of this Court in convening a full dress evidentiary hearing whenever there was a substantial issue concerning drug weight - one such hearing lasted fourteen days. See United States v. Osorio-Norena, No. 09-10069, slip op. at 3 (D. Mass. September 24, 2009).  See also United States v. Menconi, CR08-10263-MLW Sentencing Hr'g Tr. Mar. 12, 2009 (Wolf, C.J.) (loss amount); United States v. Hicks, CR06-10094-MLW (Wolf, C.J.) (base or crack cocaine); United States v. Arias, CR06-10305-MLW, Sentencing Hr'g Tr. Apr. 14, 2009 (Wolf, C.J.) (role in offense).

Thus here, Alba could have had precisely the process he now

---

[6] Distribution of 3-10 kilograms of heroin would yield an adjusted offense level of 35 and an advisory sentence under the Sentencing Guidelines of 168-210 months.  The probation officer conservatively estimated Alba was responsible for distributing six kilograms of heroin.  Judge Lindsay cut that in half and sentenced Alba to the low end of the advisory range.

claims is his due simply by raising a credible issue as to drug weight before Judge Lindsay.  He did not.  In fact, he makes no such suggestion even now.  Alba cannot simply lie doggo for eight months, then spring up crying "gotcha!," and expect to receive a lesser sentence.  He has forfeited this issue by not raising it before Judge Lindsay.

### 3.  Ineffective Assistance of Counsel

Since AEDPA's one year statute of limitations has now run and Alba cannot himself raise the issue, it is appropriate to deal with a matter implicit in every line of Alba's motion but never set out expressly.  Alba appears to claim his counsel was ineffective at the time of his plea and sentencing, see United States v. Pulido, 533 F.3d 52 (1st Cir. 2009)(same counsel), and threw away the issue he now seeks to raise.  Here again, such an argument is a non-starter, not because his counsel was in fact effective (a matter about which this Court expresses no opinion), but because he has suffered no cognizable prejudice.  The First Circuit simply does not recognize any right to evidentiary fact-finding during sentencing – no matter how crucial the fact may be in arriving at a fair and just sentence.  Compare United States v. Griffin, 494 F. Supp. 2d 1 (2007) with United States v. Griffin, 524 F.3d 71 (1st Cir. 2008).  In sum, if Alba had any real evidence casting doubt on the drug weight determination, with Judge Lindsay he had a chance –  with the First Circuit, he

10

has none.  He has suffered no cognizable legal prejudice.

## IV.   CONCLUSION

Because Alba's case is not pending in the First Circuit, he cannot obtain relief under Federal Rule of Criminal Procedure 12(b)(3)(B).  Moreover, Alba's motion, recharacterized as a habeas petition under 28 U.S.C. § 2255, is barred by the procedural default rule.  For both these reasons, Alba's motion to reverse his conviction and reimpose a sentence under U.S.S.G. § 2D1(c)(4) is DENIED.

SO ORDERED.


   /s/ William G. Young
William G. Young
District Judge